## Amos Cooke *vs.* Alfred R. Moore and others.

Upon proceedings in equity for partition of an intestate estate, consisting of personalty, as well as realty, two tracts of land and some personalty were allotted to a married woman, one of the distributees, and she and her husband, who were parties to the proceedings, were decreed to pay a certain sum of money to another distributee, for equality of partition. The husband afterwards, and before the death of his wife, paid this sum ; and, after her death, he sold one of the tracts to C., with warranty. On bill for partition of the two tracts of land between the heirs of the wife and C.: *Held,* That the husband, by paying the sum of money assessed for equality of partition, did not become subrogated to the rights of the distributee in whose favor it had been assessed as against the two tracts of land, and, consequently, that C., as representing the husband, had no lien upon said tracts for the money thus paid.

Before THOMAS, J., at Lancaster, Spring Term, 1869.

Willis Gregory, Sr., died intestate, leaving real and personal estate and eight children, two of whom were Mary Ann, wife of Alfred R. Moore, and Martha J., wife of Joseph Terrell. In 1852 proceedings were had in the Court of Equity for partition of the estate of the intestate between his children ; and, in those proceedings, two tracts of land, appraised at $1,885, and some personalty, including advancements, appraised at $1,445, were allotted to Mrs. Moore. The property thus allotted to her exceeded in value her share of the estate by $507.37½, and that sum Moore and wife were decreed to pay to Terrell and wife, for equality of partition. Moore paid it, and the interest thereon, in 1854 and 1855. In 1865, Mrs. Moore died, leaving as her heirs her husband and seven children and one grandchild. On the 10th August, 1867, Moore sold one of the tracts of land to Amos Cooke, the plaintiff, at the price of $1,500, and gave him a deed of conveyance therefor, with the usual covenant of warranty. The plaintiff afterwards discovered the defect in Moore's title, and he then purchased the interests of the adult children of Mrs. Moore in the tract of land he had purchased from Moore; and, on the 30th April, 1868, he filed this bill against Moore and the children and grandchild of Mrs. Moore, praying partition of the tract of land in which he had acquired the shares of Moore and the adult children of Mrs. Moore, and claiming that Moore, by his payment to Terrell and wife of the sum of money and interest thereon which was decreed to be paid to them, for equality of partition, became subrogated to the rights of Terrell and wife as against the tracts of land, and that, to the extent of the amount due to him, the plaintiff, because of the breach of Moore's covenant

of warranty, he was entitled to stand in Moore's place, and be paid out of the proceeds of the lien to which Moore had become subrogated.

The bill was first heard by His Honor, Johnson, in June, 1868, who sustained the plaintiff's claim, and ordered a sale of both tracts of land, and a reference to ascertain the amount due to the plaintiff on his covenant of warrant, and "what amount, if any, of the proceeds of the sale of the lands, to be made as aforesaid, is properly applicable to the discharge of the lien on the lands acquired by the said Alfred R. Moore by payments made to effect equality in the manner" before stated.

The Referee submitted his report, dated 31st May, 1869, wherein he set forth the sales of the two tracts of land, and reported that the net proceeds of both sales amounted to $1,508, and that Moore's lien, by reason of his payment for equality of partition, to which the plaintiff had become entitled, amounted to $918.77, leaving a balance of $589.23 subject to distribution.

To this report the minor defendants excepted, on the same grounds substantially as those taken by them on their appeal. They, also, in pursuance of notice given, moved, under the Act of 1868, to set aside the decree made in June, 1868, for error in establishing the lien.

His Honor, the presiding Judge, refused the motion to set aside the decree. He also overruled the exceptions, and made a decree confirming the report.

The minor defendants appealed, and now moved this Court to reverse the decision of his Honor the Circuit Judge, as well that upon the motion to set aside the decree as that upon the report and the exceptions thereto, and stated their grounds of appeal, as follows:

1st. Because Alfred R. Moore, by his payments to Terrell and wife, acquired no lien on the real estate of his wife.

2d. Because, if any lien was created by him by reason of such payments, it was not wholly chargeable on the real estate, and, so far as chargeable upon the personal property, it was extinguished by the payments.

3d. Because, if any such lien was acquired by him, interest was not chargeable upon the amount during the coverture of the said Moore and wife.

4th. Because the minor defendants were entitled to set off against the amount of said lien their share of the rents and profits in the land after the death of their mother.

*Kershaw*, for appellants. There was no lien. The title did not vest in Moore and wife until the money was paid.—*Burris* vs. *Gooch*, 3 Rich., 7; 5 Stat., 163. If this had been a mortgage, it was Moore's own debt, so far as it rested on the personalty. A gift to the wife is presumed.—1 Rop. on Hus. and Wife, 54. At any rate, he was not entitled to interest during coverture.—1 Hilliard on Mort., 8; *Warley* vs. *Warley*, Bail. Eq., 398. And was bound to account for rents and profits afterwards.—*Harley* vs. *Dewitt*, 2 Hill, 367; *Hancock* vs. *Day*, McM. Eq., 301.

*Moore*, contra, cited *Railroad* vs. *Claghorn*, Sp. Eq , 546; *Shultz* vs. *Carter*, Sp. Eq. 543; *Ex parte Ware*, 5 Rich. Eq., 473.

June 29, 1870. The opinion of the Court was delivered by

WRIGHT, A. J. On proceedings in the Court of Equity for partition of the estate of Willis Gregory, who died intestate, the proportion allotted to Mary Ann, one of his daughters, who had married Alfred R. Moore, exceeded the share to which she was entitled, by the sum of $507.37½, and this amount her husband and the said Mary Ann were adjudged to pay to Joseph Terrell and wife, also distributees, for equality of partition.

The estate of the said intestate included both real and personal property, a portion of each having been allotted to Mrs. Moore, including two tracts of land, the one consisting of 108½ acres and the other of 339 acres.

During the coverture, Moore, the husband, paid and satisfied the amount due Terrell and wife, and, after the death of Mrs. Moore, sold and conveyed, with the usual covenants, the smaller tract so on partition allotted to her, to the plaintiff Amos Cooke, in fee, who, having purchased also the shares of the adult children in the same, filed his bill for partition of her real estate, claiming, also, that the payment by Moore to Terrell and wife of the sum so due them, for equality of partition, created a lien on the land in favor of Moore, to which he, the plaintiff, as his grantee, should be subrogated, and to which he could resort by reason of the breach of warranty of his deed. The Court below sustained the claim, and it is now sought here to reverse the decree in that regard.

The Act of 1791, 5 Stat., 163, which directs that where, on par-. tition, property is allotted to one of the distributees, and he is required to pay some other of them a certain sum for equality, does not create a mortgage in the usual sense in which that term is un-

derstood. No *title* vests till the money assessed is paid.—*Burris* vs. *Gooch*, 5 Rich., 1.

On the payment directed to be made to Terrell and wife by Moore, the title as to the personal property vested in Moore, and as to the real, in himself and wife, during the coverture, and on its termination, in her.

Did Moore, by such payment, acquire any right against his wife, and if so, how could he have enforced it? and if he could not, how can the plaintiff aver an equity which would entitle him to be subrogated to the rights of Terrell and wife?

The doctrine which exists in regard to sureties who pay a creditor holding collaterals for the protection of the same debt has no application here, for Moore did not stand in that relation to his wife. The decree of the Court, which Moore, the husband, paid, was a judgment against him, as well as against her, and when he satisfied it, the title to the land vested, and not till then:

It was, in fact, clearing an incumbrance on the land over which he had dominion during the marriage, and the act enured as well to his own benefit as to that of his wife.

Assume, however, that it was but the debt of his wife, can his voluntary payment of it, during coverture, create a charge against her? Could he, as against her, by reason of it, claim to be subrogated to whatever rights Terrell and wife might have had against the land as a security for the amount due them? and if he could have acquired no such right against his wife, how can Cooke, his grantee, through him, acquire any?

There is, however, another view conclusive against the plaintiff who seeks in this way an idemnity for the breach of warranty on the part of Moore, instead of pursuing his estate exclusively.

Personal property, as well as the two tracts of land, were assigned to Mrs. Moore, and the $507.37½ was the excess of her own share, which she and her husband were directed to pay to Terrell and wife. Until the payment of the whole amount the title to no part of the assigned share vested. On its payment, however, not only the land, but the personal estate, was free from any claim, in the shape of lien or otherwise, and the title to the latter then vested absolutely in him.

How much of the amount was in excess of the share of the real estate, and how much in excess of the personal, does not appear by the brief; and yet it is asked to treat the payment as if in exoneration only of the land, when the amount was the representative of

the value of the whole excess, having relation both to the real as well as the personal property, which made up the share of Mrs. Moore.

The appeal is only on the part of the minor children of Mrs. Moore, and the judgment of this Court will be regarded alone in reference to their rights as adjudicated by it.

In relation to the claim on their behalf of the rents and profits to be paid them out of the share of the said Moore, before its application under the decree to the payment of the plaintiff, there is not sufficient of the facts before the Court to justify a judgment. If an inquiry into that matter is desired on behalf of the appellants, it is ordered that they have leave to apply to the Circuit Court for such direction as may bring up the question for its adjudication.

It is further ordered and adjudged that so much of the decrees of the Chancellor and the Circuit Judge as subject to the payment of the claim preferred by the bill for the said breach of warranty by the defendant, Alfred R. Moore, the shares of the appellants, the minor children of the said Mrs. Moore, in her estate sought by the bill to be partitioned, be set aside, and that the cause be remanded to the Circuit Court with directions for such orders as may fully carry out the judgment of this Court now pronounced.

*Moses,* C. J., and *Willard,* A. J., concurred.